Dear Ms. Day:
This office is in receipt of your request for an opinion of the Attorney General. Your request, as I understand it is as follows:
 Does the term "grievance" as used in LSA-R.S. 17:100.4 include discipline of non-tenured school employees.
In reference to your question we look to paragraph (A) of the above mentioned statute, which states in pertinent part:
 Each city and parish school board shall adopt rules, regulations, and policies necessary to establish a grievance procedure that shall guarantee a fair hearing on grievances by any teacher or group of teachers or other school employees employed by such school board. However, prior to the adoption of the rules, regulations, and policies, each school board shall consult with the various professional organizations that represent the teachers or other school employees in that school system regarding the grievance procedure. (emphasis added)
Note that the statute uses the language "any teacher or group of teachers or other school employees employed by such school board." The term "teacher" is defined in LSA-R.S.17:441(1) as:
 "Any employee of any parish or city school board who holds a teacher's certificate and whose legal employment requires such teacher's certificate;"
The word "employee" is defined in LSA-R.S. 17:1205 as:
 "Any person in the employ of any parish or city school board of the State of Louisiana who is not a teacher or whose employment does not require the holding of a teacher's certificate or who is not employed as a bus driver."
Since the term "grievance" is not defined in Chapter 17 or in our jurisprudence, we refer to Black's Law Dictionary, Fifth Edition (1979) which defines the term as:
 "An injury, injustice or wrong which gives ground for complaint because it is unjust, discriminatory, and oppressive."
Additionally, Atty. Gen. Op. No. 78-238, discusses the issue of a grievance of a non-tenured teacher. The Board of Elementary and Secondary Education requested an opinion of the Attorney General pertaining to a non-tenured employee who was dismissed and had requested, (15) fifteen months late, a hearing by the board to discuss his grievance. This office concluded that he was not entitled to such a hearing with the following language.
 "If the person in question was dismissed by the board in compliance with the above statute, it is our opinion that the Board of Elementary and Secondary Education would not at this time be obligated to provide this person with a hearing because it has been in excess of fifteen months since he was dismissed. Any response by the dismissed person should be within a reasonable period of time."
It is apparent that the reason the employee was not entitled to a grievance hearing was because the timing for such request was unreasonable and not because he was a non-tenured teacher.
Since the dismissal of non-tenured teachers and employees is provided for in LSA-R.S. 17:442 and LSA-R.S. 17:81.5
respectively, and the dismissal of tenured teachers is provided for in LSA-R.S. 17:443 "grievance" specifically refers to discipline.
Therefore, unless a city and parish school board has negotiated contracts with teachers or other employees to amend its rules, regulations, and policies relative to grievance procedures as provided for in LSA-R.S. 17:100.4(D), it is the opinion of this office that the term "grievance" shall include the discipline of non-tenured school employees.
We hope this sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0198p